DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Antonio Rodriquez, | ) | |
| | ) | CASE NO. 1:07CV0534 |
| Petitioner, | ) | 1:05CR0434 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| United States of America, | ) | (Resolving Doc. No. 1) |
| | ) | |
| Respondent. | ) | |
| | ) | |

I. **Introduction**

Before the Court is the petition of Defendant Antonio Rodriquez ("Petitioner") to vacate his sentence pursuant to 28 U.S.C. Section 2255. For the following reasons, the petition is denied.

II. **Discussion**

On December 8, 2005, Petitioner entered a guilty plea to Count One of the superseding indictment which charged him with possession with intent to distribute and distribution of approximately 995.6 grams of cocaine in violation of 21 U.S.C. Section 841(a)(1). See Plea Agreement, Docket No. 72. Before the plea was entered, the Court went through the recommended sentencing ranges with Petitioner on the record. Based on the pre-sentence report, it was determined that Petitioner was a career offender which raised Petitioner's offense level. At the hearing, Petitioner's trial attorney acknowledged that "unfortunately, I believe that he has two crimes of violence at the very least which may qualify." October 27, 2005 Hearing on Change of Plea Proceedings, Docket No. 91, Tr. at 26. The plea agreement signed by Petitioner

1:07CV534
1:05CR434

made the statement that Petitioner was a career offender under the applicable Sentencing Guidelines provisions.  See Docket No.72, at 4-5.

It was also the understanding of counsel and the Court that Petitioner had, according to the terms of the plea agreement, reserved the right to appeal any adverse decisions made concerning the determination that he was a career offender. See October 27, 2005 Hearing on Change of Plea Proceedings, Docket No. 91, Tr. at 40 and Docket No. 72, at 7.

On February 23, 2006, Petitioner was sentenced to 144 months and eight years of supervised release. At the time of sentencing, the Court made the determination pursuant to U.S.S.G. Section 4B1.1 that Petitioner was a career offender based on his record which raised his criminal history category to a level 37. Petitioner was awarded a three level reduction for acceptance of responsibility to a Total Offense Level of 34 with a Criminal History Category VI designation.

Petitioner was facing a recommended imprisonment before departures of between 262 to 327 months. The Government recommended a four level downward departure for substantial assistance. However, the Court determined that, in view of Petitioner's testimony, he was entitled to a six level downward departure for substantial assistance which brought his Total Offense Level to 28 with a recommended sentencing range of between 140-175 months. The Court's sentence of 144 months is at the low end of the sentencing range for the reasons stated more fully  in the transcript filed at Docket No. 92, Tr. at 3-4  which describes Petitioner's important role in the trial of his co-defendant. At the conclusion of the hearing, the Court advised Petitioner that he had ten days in which to file an appeal. No appeal was taken from the sentence.

1:07CV534
1:05CR434

The petition, filed pursuant to 28 U.S.C. Section 2255 (Docket No.1), seeks to vacate that sentence.  Through counsel, Petitioner states three grounds in support of his petition for habeas relief: (1) A post-Booker claim that the Court improperly adhered to the Sentencing Guidelines; (2) the career offender designation should not have been applied to petitioner; and (3) an ineffective assistance of counsel claim based on trial counsel's failure to perfect an appeal from the sentence.

The Government has filed a response to the petition, correctly noting that there is no legal or factual support offered for Petitioner's first two arguments. As to the Booker claim, the Court's reasoning as it relates to the sentence imposed is described in the transcript of the February 23, 2006 Sentencing Proceedings and demonstrates the Court's independent judgment concerning the advisory ranges of sentences provided by the Sentencing Guidelines.

With respect to the determination that Petitioner was a career offender, the petition states summarily that "the facts in this case do not support a finding that a determination of career offender should have been applied to him. Further, it is Mr. Rodriquez's position that a finding of career offender overstates the seriousness of his criminal history category." Motion to Vacate, Docket No. 1 at 4. However, the Presentence Investigation Report submitted to the Court on January 13, 2006 states as follows concerning petitioner's criminal history:

> As shown in Part B (Criminal History) below, the defendant has been convicted of Aggravated Robbery and Aggravated Assault in Cuyahoga County Common Pleas Court Case No. CR-95-328936 and Felonious Assault and Aggravated Burglary in Cuyahoga County Common Pleas Court Case CR-99-379959.  Since the instant offense involves Possession With Intent to Distribute Cocaine and Distribution of Cocaine and the defendant was 18 years or older at the time it was committed, the defendant is a career offender within the meaning of U.S.S.G. 4B.1.1.

1:07CV534
1:05CR434

There was no objection raised to the career offender determination either during the hearing on the plea agreement or at sentencing. See February 23, 2006 Sentencing Hearing, Docket No. 92, Tr. at 2. As previously mentioned, counsel for petitioner acknowledged that petitioner had two crimes of violence "at the very least" to satisfy the requirements of Section 4B1.1. See October 27, 2005 Hearing, Docket No. 91, Tr. at 26. Petitioner still offers no substantive challenge to the record of convictions presented to the Court upon which the Court's career offender determination was made.

Counsel and the Government both address the ineffective assistance of counsel claim at some length and there is guidance from the United States Supreme Court decision in Roe v. Flores-Ortega, 528 U.S.470 (2000) for how the Court should address a claim that trial counsel was ineffective for failing to perfect an appeal. In Flores-Ortega, the Supreme Court considered whether or not to impose a per se rule of ineffective of assistance of trial counsel for failing to file an appeal request by a defendant. Reversing a decision by the Ninth Circuit Court of Appeals, the Supreme Court decided against a per se rule but instead applied the two part test from Strickland v. Washington, 466 U.S. 668 (1984) to determine if failure to file a requested appeal constituted the ineffective assistance of counsel.

For the purposes of this Memorandum Opinion, the Court will assume that Petitioner asked his trial counsel to file an appeal. The fact that the Court discussed the issue with trial counsel and Petitioner at the change of plea hearing supplies sufficient grounds to believe that Petitioner may have sought an appeal on the determination that he was a career offender. For the first part of the Strickland test, counsel's conduct is presumed to be ineffective if Petitioner

4

1:07CV534
1:05CR434

requested an appeal and counsel failed to file one. The first part of the Strickland test, the ineffective assistance of counsel, is satisfied.

But the second part of the Strickland test requires some showing of prejudice arising from counsel's deficient performance. At its heart there must be a non-frivolous argument advanced that but for counsel's errors the defendant might have prevailed. Most of the cases arguing for prejudice arising from ineffective assistance involve subjective factors concerning the quality of decisions made by trial counsel:

> In most cases, a defendant's claim of ineffective assistance of counsel involves counsel's performance during the course of a legal proceeding, either at trial or on appeal. See, e.g., [Strickland], at 699 (claim that counsel made poor strategic choices regarding what to argue at a sentencing hearing); United States v. Cronic, 466 U.S. 648, 649-650 (1984) (claim that young lawyer was incompetent to defend complex criminal case); Penson v. Ohio, 488 U.S. 75, 88-89 (1988) (claim that counsel in effect did not represent defendant on appeal); Smith v. Robbins, 528 U.S. 259 (2000) (claim that counsel neglected to file a merits brief on appeal); Smith v. Murray, 477 U.S. 527, 535-536 (1986) ( claim that counsel failed to make a particular argument on appeal).

Flores-Ortega, 528 U.S. at 481

Under the circumstances described in the cases above, according to more subjective considerations, a Petitioner would be better able to allege a non-frivolous claim of prejudice.

The prejudice said to arise from counsel's alleged ineffective assistance is based on an objective standard concerning whether or not Petitioner's prior convictions satisfied the career offender provision according to the Sentencing Guidelines. Because no substantive argument has been presented by Petitioner to challenge that determination, the Court concludes that Petitioner has not met his burden to demonstrate prejudice in the form of a non-frivolous appealable issue.

5

1:07CV534
1:05CR434

As a result, Petitioner has not satisfied the second part of the ineffective assistance of counsel test from <u>Strickland</u> and <u>Flores-Ortega</u> and his petition is denied.

### III. **Conclusion**

For the reasons stated, Petitioner-Defendant Antonio Rodriquez's petition pursuant to 28 U.S.C. 2255 is denied.

The Court also certifies, pursuant to 28 U.S.C. Section 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Court further finds no basis for a certificate of appealability and will not issue a certificate of appealability.

IT IS SO ORDERED.

| August 20, 2007, | *s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |